**UNITED STATES of America, Plaintiff,**

**v.**

**GREAT AMERICAN BANK OF DADE COUNTY, Defendant.**

**No. 82–2471–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 21, 1983.

Maria P. Sperando, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Gerald B. Cope, Jr., Miami, Fla., for defendant.

Edward P. Phillips, Coral Springs, Fla., for intervenor.

## MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT TO ENFORCE IRS SUMMONS

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on the Government's Motion for Summary Judgment seeking enforcement of an Internal Revenue Service summons. The Court having reviewed the record in this cause and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that said motion be GRANTED.

### BACKGROUND

The underlying records known to the Internal Revenue Service in May 1980, as part of an investigation into the tax liability of Defendants/Intervenors Randy Fink and Linda Fink, prompted the service of summonses on several local banks and other third party record keepers. At the request of Intervenors, these parties refused to relinquish such tax records. The Government responded by filing petitions on April 28, 1981.

On June 10, 1981, seven related cases were brought before the United States District Court for the Southern District of Florida, Hoeveler, J., in which the IRS sought the production by third parties of tax documents regarding intervenors. *United States v. Great American Bank of North Dade County,* 81–940–CIV–WMH, *United States v. Great American Bank of Miami Beach, et al.,* 81–937–CIV–WMH, 81–938–CIV–WMH, 81–939–CIV–WMH, 81–940–CIV–WMH; *United States v. Hollywood Federal Savings & Loan,* 81–6240–CIV–WMH; *United States v. Donald T. Powell,* 81–1118–CIV–WMH. On June 12, 1981, Judge Hoeveler granted the Finks' motion to intervene to show cause why they should not comply with the IRS summonses. After evidentiary hearings, that Court was not persuaded that the IRS had failed to use its summons authority in good faith per the standards set forth in *United States v. LaSalle National Bank,* 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978) (summons must be issued before IRS recommends criminal investigation to Justice Department). For this reason, on July 27, 1982, the Court granted Government's petition to enforce the IRS summonses.

One such summons, which should have been directed to the Great American Bank of Dade County, erroneously was directed to the Great American Bank of North Miami Beach. The IRS had mistakenly assumed this second institution to be the custodian of relevant tax records. The Government subsequently served a summons on the Great American Bank of Dade County, to which the bank refused to respond upon request of the taxpayers. The Government then filed a petition to enforce the IRS summons and the Finks intervened.

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where the pleadings, dispositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. The burden of persuasion is on the moving party and this Court must view all the evidence introduced and all factual inferences from that evidence in the light most favorable to the opposing party. *Impossible Elec. Tech. v. Wackenhut Prot. Systems,* 669 F.2d 1026, 1031 (11th Cir.1982).

Two issues must be resolved before this Court may grant the Government's Motion for Summary Judgment:

1) whether the actions of the IRS constitute an "unnecessary examination" within the meaning of 26 U.S.C. § 7605(b); and

2) whether Intervenors should be collaterally estopped from renewing the "bad faith" argument.

## "UNNECESSARY EXAMINATION"

The Intervenors have alleged that the IRS summons constitutes a "second inspection" of the sort prohibited by statute 26 U.S.C. § 7605(b). Basing this assertion on the fact that the Court had already issued a summons against a Great American Bank, Intervenors posture that the Government had "its bite at the apple" in the 1981 summons enforcement proceeding, which is its only legal entitlement absent a written request for more.

In answer, the Government submits that the present attempt to examine Intervenors' tax records does not constitute a second investigation; rather, it is merely a continuation of the original ongoing investigation into the Finks' tax records.

The facts being undisputed, the question becomes one of law.

The relevant statutory language reads:
Title 26—Internal Revenue Code
Chapter 78—Discovery of Liability and Enforcement of Title
Subchapter A—Examination and Inspection § 7605. Time and place of examination
(b) Restrictions on examination of taxpayer. No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made

for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

In an attempt to classify efforts of the IRS to procure tax records which have not been previously released as an illegal second investigation, intervenors cite several cases. In *United States v. Duke Bowers Clement*, 81-1 U.S.T.C. ¶ 9413 (E.D. Ark.1981) IRS agents who work sought to correct errors made by them in an earlier examination of tax records were denied a summons.

█ The present case arises because an incorrect name on the summons itself prevented IRS agents from conducting any inspection at all, and thus it is clearly distinguishable from *Duke Bowers*. The other tax cases cited as authority for the "unnecessary examination" issue are similarly inapposite. These cases involved the denial of Government summonses (absent written notice) with respect to completed, not "ongoing", investigations. *United States v. Fordin*, 72-2 U.S.T.C. ¶ 9618 (E.D.N.Y. 1972); *United States v. London Ins. Agency, Inc.*, 76-2 U.S.T.C. ¶ 9735 (D.C.R.I. 1976); *United States v. Garrison Construction Co., Inc.*, 77-2 U.S.T.C. ¶ 9705 (N.D.Ala.1977); *United States v. Silvestain*, 80-1 U.S.T.C. ¶ 9445 (D.Col.1980).

By the summons at issue here, the IRS seeks information necessary to the determination of Intervenors' tax liability. The summons is part of a continuing, not secondary, examination; accordingly, no written notice by the Secretary that an additional inspection is necessary is required. As such, the Intervenors' first argument fails to defeat the Government's summons as a matter of law.

COLLATERAL ESTOPPEL

As a second argument, Intervenors have argued that the summons should not be enforced because it was issued in bad faith; *viz.* to obtain information requested by another agency for that agency's use against Intervenors in a criminal prosecution. The Government responds that because the Court ruled earlier in favor of issuing the summons and that since only the name of the bank has changed, but not the underlying factual allegation, Intervenors should be estopped from making the same "bad faith" argument.

In their Memorandum, Intervenors repeat their theory that the Government's singular motive behind the issuing of the summons is to gather evidence with which to criminally prosecute intervenors and thus is unlawful under *LaSalle National Bank*. This argument did not succeed at Intervenors' evidentiary hearings in 1981.

█ Under the doctrine of collateral estoppel, the same person may demand a judicial determination of the same issue only once. However, the issue has been concluded only if the following criteria are met: the issue must be the same as that involved in the prior action; it must have been litigated in the prior action; the issue must have been in fact judicially determined in the prior action; and, the judgment in the prior action must have been dependent upon the determination of the issue. 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 443(2) (2d ed. 1983).

█ In the instant case, the Court previously ruled in favor of the summons, although it contained an incorrect address. Intervenors do not state any facts that have occurred subsequent to this Court's July 27, 1982, Order that would show a change in the nature of the IRS investigation between that date and the present. For this reason, Intervenors are collaterally estopped from relitigating the propriety of the summons, and the Government is entitled to Summary Judgment as a matter of law.